UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> HANCO, INC. d/b/a CLASSICO SEATING, HARRY T. RICHARDSON JR., THE HANCO, INC. PLAN, and THE HANCO, INC. DENTAL PLAN, <br><br> Defendants. | No. 3:14-CV-1908-PPS-CAN |

## OPINION AND ORDER

Before me is Plaintiff Thomas E. Perez, Secretary of Labor's Motion for Default Judgment against Defendant Hanco, Inc. Because Hanco has failed to plead or defend, the Secretary's Motion for Default Judgment is **GRANTED**.

## BACKGROUND

The Secretary filed his complaint on September 19, 2014, [DE 1], bringing claims under 29 U.S.C. § 1109 and 29 U.S.C. §§ 1132(a)(2) and (5). The complaint alleges Hanco failed to contribute requisite funds to its employees' 401(k) plans from October 2011 to February 2012, failed to contribute requisite funds to its employees' health plans from August 2011 to September 2011, and failed to contribute requisite funds to its employees'

1

dental plans from February 2011 to May 2011, all while Hanco served as a fiduciary of the plans. [*Id.*] The complaint also alleges that after Hanco ceased operations on February 21, 2012, it failed to administer the 401(k) plans by failing to terminate the 401(k) plans and failing to authorize distributions to the plans' participants and beneficiaries. [*Id.*] On August 25, 2014, a non-defendant fiduciary restored the losses to Hanco's 401(k) plan, and no amount is currently outstanding with regard to the 401(k) plan [DE 20, Ex. A]. Hanco was served with the complaint by the United States Marshal's Office on December 20, 2014 [DE 10]. After Hanco failed to answer by the February 6 due date, the Secretary moved for default entry on March 18; the clerk entered Hanco into default on March 19 [DE 18]. The Secretary moved for default judgment on July 22 [DE 20]. Hanco has failed to appear, plead, or otherwise defend.

## DISCUSSION

I may enter default judgment under Rule 55(b)(2) once the clerk has entered a default against the defendant under Rule 55(a). *E.g., Wolf Lake Terminals v, Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). This entry is recognition of the fact that a party is in default for a failure to comply with the rules. Since the Clerk has already entered default against Defendant here [DE 18], I may enter a default judgment under Rule 55(b)(2).

While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). "As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint." *O'Brien*, 998 F.2d at 1404 (citation and internal quotation marks omitted). All well-pled allegations in the complaint are presumed true when ruling on a request for default judgment. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Thus, if the complaint establishes the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Once the default is established . . . the plaintiff must still establish the entitlement to the relief he seeks.").

Several factors may be considered including whether grounds for default are clearly established: the amount of money requested, delays resulting in prejudice to the plaintiff, material issues of fact or substantial public importance, and whether the default is strictly technical. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008) (citing 10A Charles A. Wright, Arthur R,. Miller & Mary Kay Kane, *Fed. Prac. & Pro. Civ.* § 2685 (3d ed. 2007)). Here, all factors weigh in favor of the Secretary. The Secretary requests neither an unprecedented nor an alarming amount of money. Further, absent the judgment, the Secretary would be prejudiced because it will have greater difficulty getting Hanco to restore the delinquent contributions without a judgment. This lawsuit also implicates no issues of public importance. Finally, and perhaps most importantly, Hanco's total failure

to respond to this suit whatsoever in the nearly ten months since initial service of the summons amounts to more than a mere technicality - in other words, the default judgment is not based on some mere procedural oversight.

In support of his claim that Hanco is liable for the dollar amounts claimed, the Secretary cites 29 U.S.C. § 1109, which imposes liability on a fiduciary for losses incurred as a result of the fiduciary's breach of any responsibility, obligation, or duty. A fiduciary, as defined by 29 U.S.C. § 1002(21)(A), is one who "exercises any authority or control respecting management or disposition of [a plan's] assets, . . . or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." The secretary submits that Hanco had authority and control over the assets of the 401(k) plan, the health plan, and the dental plan, and also served as Plan Administrators for all three plans [DE 21]. Additionally, the Secretary has submitted evidence of Hanco's delinquent contributions in the declaration of Crystal Coleman [DE 20, Ex. A], who supervised the investigations into the Hanco plans for the Employee Benefits Security Administration. Because the Secretary properly alleges liability under 29 U.S.C. § 1109 and Hanco fails to contest the allegations, Hanco is liable for the delinquent contributions.

A hearing to determine damages incident to default judgment is unnecessary where damages can be ascertained from documentary evidence or detailed affidavits in the record. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). A court must ascertain damages to a "reasonable certainty," *In re Catt*, 368 F.3d at 793, and the relief must not exceed what is demanded in the pleadings. Fed. R. Civ. P.

4

54(c).

The Secretary requests Hanco restore an initial $25,697.32 to the Hanco, Inc. Health Plan and $2,609.44 to the Hanco, Inc. Dental Plan for all delinquent contributions owed through July 16, 2015 [DE 20 at 7]. Crystal Coleman's declaration submitted by the Secretary supports this amount [*Id.* at Ex. A]. Accordingly, Hanco is ordered to restore a total of $25,697.32 to the Hanco, Inc. Health Plan and a total of $2,609.44 to the Hanco, Inc. Dental Plan.

The Secretary also requests that Hanco be permanently enjoined from violating the provisions of Title I of ERISA, be permanently enjoined from serving as a fiduciary for the employee plans, and be permanently enjoined from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan [DE 20]. Additionally, the Secretary requests an independent fiduciary be appointed to distribute the 401(k) plan's assets and to terminate the 401(k) plan, and that Hanco be ordered to pay the fees and expenses of the independent fiduciary.

Where the fiduciary participates in egregious self-dealing or other serious misconduct, a permanent injunction may be deemed appropriate remedial relief. *Solis v. Cooper,* No. 1:10-CV-152-TS, 2011 WL 497614, at *2 (N.D. Ind. Feb. 4, 2011). 29 U.S.C. § 1109 empowers the Court to apply appropriate equitable and remedial relief. When appropriate, courts have appointed independent fiduciaries and ordered the independent fiduciaries' fees be paid by breaching defendants. *See Chao v. Wheeler,* No. 3:05-CV-763 RM, 2007 WL 4233464, at *2,8 (N.D. Ind. Nov. 28, 2007); *see also* DE 35 of same (Case No. 3:05-CV-763

RM). Here, the Secretary alleges that the defendant withheld thousands of dollars from its employees' pay which was intended to be placed into the employee benefit plans, but was instead placed into Hanco's general assets. Hanco has also failed to terminate the 401(k) plan and failed to authorize distributions to the plan's participants and beneficiaries. Such conduct is properly characterized as serious misconduct. *Solis*, 2011 WL 497614 at *2.

Accordingly, Hanco is permanently enjoined from violating the provisions of Title I of ERISA, from serving as a fiduciary for any Hanco employee benefit plan, and from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan. Given Hanco's failure to terminate the 401(k) plan and distribute its assets, the appointment of an independent fiduciary is an appropriate remedy here. An independent fiduciary will be appointed, and Hanco will pay the fees and expenses of the independent fiduciary. The Secretary is ordered to provide me with a recommendation of someone to serve as the independent fiduciary within thirty days of this order.

Finally, the Secretary seeks to collect the costs of this action [DE 21]. 29 U.S.C. § 1132(g)(2)(D) provides that in an action for delinquent contributions "in which a judgment in favor of the plan is awarded" a court "shall" award costs. *Trustees of the Michiana Area Elec. Workers Health & Welfare Fund v. TGB Unlimited Inc.*, No. 2:13-CV-19-JEM, 2015 WL 1865561, at *3 (N.D. Ind. Apr. 22, 2015). Because the court has granted the motion for default judgment against Hanco, the Secretary is awarded the costs of this action.

## **CONCLUSION**

The Court **GRANTS** the Secretary's motion for Default Judgment and Hanco is

**ORDERED** to restore $25,697.32 to the Hanco, Inc. Health Plan and $2,609.44 to the Hanco, Inc. Dental Plan. Hanco is also permanently enjoined from violating the provisions of Title I of ERISA, from serving as a fiduciary for any Hanco employee benefit plan or Hanco employee welfare benefit plan, and from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan.

The Secretary is **ORDERED** to submit a recommendation to the court of an individual to serve as an independent fiduciary to terminate the 401(k) plan and to distribute the plan's assets to its beneficiaries and participants within **thirty (30) days** of this order. Hanco is **ORDERED** to pay the fees and expenses of the independent fiduciary. The Secretary is awarded the costs of this action.

    **SO ORDERED.**

    ENTERED: October 15, 2015

                                                   s/Philip P. Simon
                                                   PHILIP P. SIMON, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT